FILED

April 21, 2016

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 2:00 P.M.



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| Deborah Syph | ) Docket No. 2015-06-0288 |
| | ) |
| v. | ) |
| | ) State File No. 36614-2015 |
| Choice Food Group, Inc. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Joshua Davis Baker, Judge | ) |

### Affirmed and Certified as Final – April 21, 2016

Following the entry of an interlocutory order denying workers' compensation benefits, the employer filed a motion for dismissal of the employee's claim. The trial court determined it had previously denied benefits "on compensability grounds" and further found the employee had failed to resolve evidentiary inadequacies or demonstrate a clear intent and method to do so. As a result, it granted the employer's motion and dismissed the employee's claim with prejudice. Having carefully reviewed the record, we affirm the determination of the trial court on different grounds and certify the trial court's order as final.

Judge Timothy W. Conner delivered the opinion of the Appeals Board; Judge Marshall L. Davidson, III, and Judge David F. Hensley each filed separate concurring opinions.

Deborah Syph, Nashville, Tennessee, employee-appellant, pro se

Michael Haynie, Nashville, Tennessee, for the employer-appellee, Choice Food Group, Inc.

1

**Factual and Procedural Background**

Deborah Syph ("Employee"), a resident of Davidson County, Tennessee, was employed by Choice Food Group, Inc. ("Employer"). Employee alleged that on February 25, 2015, she injured her back lifting large containers of food at work. In response to Employee's claim for workers' compensation benefits, Employer asserted she had a pre-existing degenerative condition and did not suffer a compensable aggravation arising primarily out of and in the course and scope of her employment. Following the filing of a petition for benefit determination[1] and the issuance of a dispute certification notice,[2] Employee filed a request for expedited hearing[3] seeking a panel of physicians. Thereafter, the parties resolved the issue and an order was entered reflecting Employer's agreement to provide a panel of physicians.

Following an evaluation with Dr. Melvin Law, the physician selected from the panel, Employee filed a second request for expedited hearing seeking additional workers' compensation benefits. In response, Employer submitted an expert opinion from Dr. Law, who concluded he was "unable to establish any causation or an apportionment based on a significant change in her subjective pain or dysfunction" and was "unable to establish an anatomic change." After an evidentiary hearing, the trial court entered an order on November 6, 2015 denying Employee's request for temporary disability or medical benefits. Specifically, the court concluded that "without an opinion linking her back condition to her work for [Employer], [Employee] is unlikely to prevail at a hearing on the merits." Employee did not appeal this order.

Pursuant to Tenn. Comp. R. & Regs. 0800-02-21-.14(3) (2015), Employer filed a motion to dismiss on November 24, 2015, arguing that the trial court had "denied the claim on grounds of compensability." *See* Tenn. Code Ann. § 50-6-239(d)(4) (2015). Thereafter, the court scheduled a telephonic initial hearing to set discovery deadlines, schedule any necessary motion hearings, and set a trial date. Employee did not participate in the initial hearing, during which the trial court set Employer's motion to dismiss for a hearing on January 5, 2016, did not file a written response to the motion to

---

[1] A "petition for benefit determination" is "a request for the [Bureau] to provide assistance in the resolution of any disputed issues in a workers' compensation claim," which may be filed "any time after a dispute arises." Tenn. Comp. R. & Regs. 0800-02-21-.02(19) (2015).

[2] A "dispute certification notice" is "[t]he notice filed by the mediator with the clerk following the completion of alternative dispute resolution proceedings stating that, following mediation, a dispute concerning the issues set forth in the notice still exists." Tenn. Comp. R. & Regs. 0800-02-21-.02(10) (2015).

[3] A "request for expedited hearing" is a request that the court clerk schedule a hearing to determine an issue regarding temporary disability or medical benefits prior to a hearing that results in a compensation order. *See* Tenn. Comp. R. & Regs. 0800-02-21-.02(13), (20) (2015); *see also* Tenn. Comp. R. & Regs. 0800-01-21-.02(18) (2015).

dismiss, and did not participate in the hearing on January 5, 2016 concerning the motion to dismiss.[4]

On January 13, 2016, the trial court entered an order dismissing Employee's claim with prejudice. The trial court concluded that Employee "failed to address the evidentiary inadequacies brought to light during the Expedited Hearing," as she did not "produce an expert opinion to contradict Dr. Law or demonstrate a clear intent to do so." Employee timely appealed the trial court's order dismissing her claim.

## Standard of Review

The standard of review to be applied by this Board in reviewing a trial court's decision is statutorily mandated and limited in scope. Specifically, "[t]here shall be a presumption that the findings and conclusions of the workers' compensation judge are correct, unless the preponderance of the evidence is otherwise." Tenn. Code Ann. § 50-6-239(c)(7) (2015). The trial court's decision must be upheld unless the rights of a party "have been prejudiced because findings, inferences, conclusions, or decisions of a workers' compensation judge:

(A)    Violate constitutional or statutory provisions;
(B)    Exceed the statutory authority of the workers' compensation judge;
(C)    Do not comply with lawful procedure;
(D)    Are arbitrary, capricious, characterized by abuse of discretion, or clearly an unwarranted exercise of discretion;
(E)    Are not supported by evidence that is both substantial and material in the light of the entire record."

Tenn. Code Ann. § 50-6-217(a)(3) (2015). Like other courts applying the standards embodied in section 50-6-217(a)(3), we will not disturb the decision of the trial court absent the limited circumstances identified in the statute.

## Analysis

This case presents an important issue concerning the circumstances in which a trial court can dismiss an employee's workers' compensation claim with prejudice prior to a trial on the merits. Tennessee Code Annotated section 50-6-239(c) states that "proceedings at all hearings" in the Court of Workers' Compensation Claims are governed by the Tennessee Rules of Evidence and the Tennessee Rules of Civil Procedure "unless an alternate procedural or evidentiary rule has been adopted by the administrator." Tenn. Code Ann. § 50-6-239(c)(1) (2015). The statute goes on to

---

[4] The trial court's order granting the motion to dismiss reflects that Employee was "given notice of the hearing."

provide that "if a motion for temporary disability or medical benefits is denied on the basis that the claim is not compensable," then "the workers' compensation judge may entertain an *appropriate motion for dismissal* of the claim." Tenn. Code Ann. § 50-6-239(d)(4) (2015) (emphasis added). The phrase "appropriate motion for dismissal" is not defined by any statute.

Following the implementation of the 2013 reforms, the Administrator of the Bureau of Workers' Compensation ("Bureau") adopted Rule 0800-20-21-.14(3), citing as statutory authority, among other provisions, section 50-6-239(c)(1). That rule provides as follows:

> If, as a result of the expedited hearing, the claim is denied on the grounds of compensability, the claim shall continue as provided in these rules. . . . If the denial on the grounds of compensability is affirmed by the appeals board or if no appeal is taken, the employer may file a motion to dismiss with the assigned workers' compensation judge. If a motion to dismiss pursuant to this paragraph is filed, . . . the employee shall have thirty (30) calendar days to file a written response. Thereafter, the motion shall be set for a hearing and the judge shall issue *an appropriate order*.

Tenn. Comp. R. & Regs. 0800-02-21-.14(3) (2015) (emphasis added). The regulations, like the statutes, do not define the phrases "motion to dismiss" or "an appropriate order" in this context. Thus, since neither the statutes nor the regulations define the parameters of an appropriate "motion for dismissal" as contemplated in section 239(d)(4) and/or Rule 0800-20-21-.14(3), we must consider in what circumstances an employer can succeed in having an employee's claim dismissed prior to a trial on the merits.

*Applicability of Tennessee Rules of Civil Procedure*
*and the Tennessee Rules of Evidence*

In establishing a new statutory scheme for workers' compensation claims in Tennessee, the general assembly expressed its intent to increase the efficiency and timeliness of claims processing. *Senate Commerce and Labor Committee Hearing on Senate Bill 0200* (Mar. 12, 2013). To that end, the general assembly conferred upon the Court of Workers' Compensation Claims original and exclusive jurisdiction for workers' compensation claims with dates of injury on or after July 1, 2014. *See* Tenn. Code Ann. § 50-6-238 (2015). The general assembly also expressed its intent that the Court of Workers' Compensation Claims shall "conduct hearings in accordance with the Tennessee Rules of Civil Procedure and the Tennessee Rules of Evidence." *Senate Commerce and Labor Committee Hearing on Senate Bill 0200* (Mar. 12, 2013). This intent was codified in sections 50-6-238(a)(3) and 239(c)(1). Subsection 238(a)(3) imposes on workers' compensation judges the duty to "conduct hearings in accordance with the Tennessee Rules of Civil Procedure, the Tennessee Rules of Evidence, and the

4

rules adopted by the bureau." Tenn. Code Ann. § 50-6-238(a)(3) (2015). Moreover, the statute provides that "[t]he Tennessee Rules of Evidence and the Tennessee Rules of Civil Procedure shall govern *proceedings at all hearings* before a workers' compensation judge" unless the administrator has adopted an alternate procedural or evidentiary rule. Tenn. Code Ann. § 50-6-239(c)(1) (2015) (emphasis added). An alternate procedural or evidentiary rule is one that "conflicts with the Tennessee Rules of Civil Procedure or the Tennessee Rules of Evidence." *Id.*

It is within this statutory scheme and legislative history that we must consider whether the Tennessee Rules of Civil Procedure and the Tennessee Rules of Evidence apply to motions or other documents filed prior to or subsequent to a formal hearing in the Court of Workers' Compensation Claims. As with any effort to construe statutory provisions, we must begin with the language. *Amell v. Liberty Mut. Ins. Co.*, No. 1999-01021-WC-R3-CV, 2000 Tenn. LEXIS 243, at *3 (Tenn. Workers' Comp. Panel May 3, 2000). As discussed above, section 50-6-239(c)(1) states that the rules "shall govern *proceedings at all hearings*." Tenn. Code Ann. § 50-6-239(c)(1) (emphasis added). "Proceeding" means "the form and manner of conducting judicial business before a court or judicial officer." Black's Law Dictionary 1204 (6th ed. 1990). In contrast, a "hearing" is defined as a "proceeding of relative formality . . . with definite issues of fact or law to be tried, in which witnesses are heard and evidence presented." Black's Law Dictionary 721 (6th ed. 1990). Thus, while a common understanding of the words "proceeding" and "hearing" might suggest that they are synonymous, they are not. The word "proceeding" connotes a broader reach than the word "hearing." In fact, the definitions as noted above suggest that a "hearing" is but one type of "proceeding" that might occur in a court setting. Consequently, any action which pertains to the "form and manner of conducting judicial business" falls within the definition of "proceeding."

Tennessee courts have defined the word "proceeding" in many contexts, such as peer review proceedings, criminal proceedings, and child custody proceedings. *See, e.g., Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 536 (Tenn. 2010) (defining "peer review proceeding"); *Carter v. Bell*, 279 S.W.3d 560, 571 (Tenn. 2009) (defining "criminal proceeding"); *Moorcroft v. Stuart*, No. M2013-02295-COA-R3-CV, 2015 Tenn. App. LEXIS 52, at *23 (Tenn. Ct. App. Jan. 30, 2015) (defining "child custody proceeding"). Further, in considering whether a particular statute can be applied retroactively, the Tennessee Supreme Court has explained that "a statute is 'procedural if it defines the . . . proceeding by which a legal right is enforced, as distinguished from the law which gives or defines the right.'" *Doe v. Sundquist*, 2 S.W.3d 919, 923 (Tenn. 1999) (citing *Kuykendall v. Wheeler*, 890 S.W.2d 785, 787 (Tenn. 1994) ("A statute is procedural if it defines the mode or proceeding by which a legal right is enforced . . . .")). Thus, the Supreme Court has suggested that the term "proceeding" is not limited to the confines of a formal hearing, but encompasses the mode or manner by which a legal right may be enforced.

5

Moreover, we note Tennessee Code Annotated section 50-6-239(a) requires a party to a workers' compensation dispute to file a request for a hearing "[w]ithin sixty (60) days after issuance of a dispute certification notice by a workers' compensation mediator." Tenn. Code Ann. § 50-6-239(a) (2015). In its rules governing mediation and hearing procedures, the Bureau reiterated and further explained this mandate:

> Immediately after a dispute certification notice has been filed with the clerk, either party seeking further resolution of any disputed issue *shall file a request for hearing with the clerk* on a form approved by the [Bureau] and serve a copy of the request on the opposing party or their counsel, if any. If no request for hearing is filed within sixty (60) calendar days after the date of issuance of the dispute certification notice, the clerk shall docket the case and place the case on a separate dismissal calendar for a show cause hearing. . . . Either party may appear to show cause as to why the case should not be dismissed.

Tenn. Comp. R. & Regs. 0800-02-21-.12(1) (2015) (emphasis added). Thus, the statute makes clear that the mode or manner of resolving disputes in the Court of Workers' Compensation Claims is triggered by the filing of a request for hearing.

Further, the general assembly addressed the manner in which hearings of disputes are conducted in section 50-6-239(c) and further explained the procedure for hearings of disputes on an expedited basis in section 50-6-239(d). Specifically, the statute authorizes a workers' compensation judge to issue an interlocutory order for temporary disability or medical benefits without holding a full evidentiary hearing. Tenn. Code Ann. § 50-6-239(c)-(d) (2015). Thus, the general assembly emphasized two principles in creating this new statutory scheme – timeliness and efficiency. *See* Tenn. Code Ann. § 4-3-1409(b)(2)(A). With respect to the goal of improving timeliness, the statute requires parties to seek resolution of disputed issues in a timely manner by requesting a hearing within sixty days of the issuance of the dispute certification notice. With respect to the goal of efficiency, the general assembly authorized trial courts to resolve requests for an expedited hearing with or without holding a full evidentiary hearing.

Based on the foregoing, we conclude that the phrase "proceedings at all hearings" as used in section 50-6-239(c)(1) encompasses all filings made by the parties as a result of any request for or notice of a hearing filed after the issuance of a dispute certification notice. An alternative approach which applies the Rules of Civil Procedure and the Rules of Evidence only at formal hearings could result in parties' being free to submit inadmissible information and documentation prior to a formal hearing while such filings are not subject to procedural and evidentiary rules; yet, the very same information and documentation would be subject to the rules if offered as evidence during the course of the hearing. This becomes even more confusing and unwieldy when considering the Court of Workers' Compensation Claims' Practices and Procedures, which *requires*

6

parties to submit certain evidence they intend to introduce *prior to* a formal hearing. *See* Court of Workers' Comp. Claims Prac. & Proc. 7.01 (2015). Waiting to apply the Tennessee Rules of Civil Procedure and the Tennessee Rules of Evidence until a formal hearing is convened is untenable, unmanageable, and incongruous with the stated goals of ensuring fairness to all parties and improving the efficiency of the system.[5]

Therefore, we find that the Tennessee Rules of Civil Procedure and the Tennessee Rules of Evidence apply to any action taken in, or pleading filed with, the Court of Workers' Compensation Claims, whether the filing is made with or subsequent to the filing of a request for or notice of a hearing, as long as the action or filing is part of the overall proceeding during which a party seeks to enforce a legal right under the Workers' Compensation Law. With respect to any such action, the Tennessee Rules of Civil Procedure and the Tennessee Rules of Evidence shall govern unless the administrator has adopted an alternative procedural or evidentiary rule that conflicts with the aforementioned rules. In accordance with the express language of section 50-6-239(c)(1), such an alternative rule would control.

In the present case, the administrator adopted Rule 0800-02-21-.14(3), which gives an employer a legal basis to file a motion to dismiss the employee's claim if the trial court previously denied benefits on grounds of compensability at an expedited hearing. However, nothing contained in this rule conflicts with the Tennessee Rules of Civil Procedure, which provide several bases for dismissal of a claim during the pendency of litigation. Moreover, the language of the rule itself does not define the term "motion to dismiss" and does not explain the circumstances in which a trial court can grant such a motion, only stating that the judge "shall issue an appropriate order." Tenn. Comp. R. & Regs. 0800-02-21-.14(3). Therefore, since such motions are not defined in the statutes or rules, we conclude that a motion to dismiss filed pursuant to Tennessee Code Annotated section 50-6-239(d)(4) and/or Tenn. Comp. R. & Regs. 0800-02-21-.14(3) is not an alternate procedural rule. Instead, such motions to dismiss are subject to the Tennessee Rules of Civil Procedure.

*Motions to Dismiss*

Rule 7.02 of the Tennessee Rules of Civil Procedure states that "an application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought." Tenn. R. Civ. P. 7.02(1) (2015). Rule 8.06 directs a trial court to construe all pleadings "to do substantial justice." Tenn. R. Civ. P. 8.06 (2015).

---

[5] The alternative approach of applying the Rules of Civil Procedure and the Rules of Evidence only at formal hearings would also allow parties to manipulate the application of the rules based on the tactical decision of whether or not to request a formal in-person hearing.

7

Further, Rule 12.02 governs the manner in which defenses may be presented by motion. In light of the circumstances presented by Tennessee Code Annotated section 239(d)(4), in which a trial court has conducted an expedited hearing, determined the claim was not compensable, and denied benefits, the only basis for dismissal listed in Rule 12.02 that logically could apply in the present circumstances is a motion to dismiss for failure to state a claim upon which relief can be granted. *See* Tenn. R. Civ. P. 12.02(6) (2015). With respect to such motions, the rule provides:

> If, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties *shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.*

Tenn. R. Civ. P. 12.02 (2015) (emphasis added).

In *Jose v. Equifax, Inc.*, 556 S.W.2d 82 (Tenn. 1977), the Tennessee Supreme Court considered a workers' compensation claim in which the trial court had granted an employer's motion to dismiss for failure to state a claim upon which relief can be granted. The employee in *Jose* alleged that he suffered from a psychological injury due to a "tremendous amount of pressure and tension in order to meet the obligations placed upon him as an employee of the Defendant." *Id.* at 83. In affirming the trial court's dismissal of the claim, the Supreme Court described the employee's allegations as "general and conclusory." *Id.* The Court then stated, "[p]redicated upon these . . . allegations, which were not amended in the face of a motion challenging their legal sufficiency, the employee . . . asks this Court to hold as a matter of law that a claim for workmen's compensation benefits has been stated. This we are not prepared to do." *Id.* The Court further explained that "[w]hen challenged by a motion to dismiss, *it was incumbent upon appellant to state with some specificity and clarity what sort of 'accidental injury' was being claimed.* . . . Tested by a motion to dismiss, the complaint failed to allege an injury by accident arising out of and in the course of employment." *Id.* at 84 (emphasis added). *See also Smith v. Lincoln Brass Works, Inc.*, 712 S.W.2d 470 (Tenn. 1986) (trial court's dismissal of workers' compensation claim affirmed in light of employee's failure to state a claim upon which relief could be granted).

In another case, *Stevenson v. State*, No. M2001-02522-WC-R3-CV, 2002 Tenn. LEXIS 471 (Tenn. Workers' Comp. Panel Oct. 31, 2002), the Tennessee Claims Commission dismissed a state employee's workers' compensation claim in response to a motion to dismiss for failure to state a claim upon which relief can be granted. On appeal, the Supreme Court's Special Workers' Compensation Appeals Panel reversed, explaining its rationale as follows:

8

> A motion to dismiss for failure to state a claim upon which relief can be granted *admits the truth of all relevant and material averments contained in the complaint*, but asserts that such facts do not constitute a cause of action. Moreover, a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. Whether a complaint states a claim for which relief can be granted is a question of law.

*Id.* at \*3 (emphasis added) (citations omitted).[6]

With respect to Rule 56 motions, the Tennessee Supreme Court, in *Rye v. Women's Care Center of Memphis*, 477 S.W.3d 235 (Tenn. 2015), recently reexamined the history of summary judgment in Tennessee since the adoption of Rule 56. After summarizing the development of both federal and state law, including its decision in *Hannan v. Alltel Publ'g Co.*, 271 S.W.3d 1 (Tenn. 2008), the Court in *Rye* concluded that "the standard adopted in *Hannan* is incompatible with the history and text of Tennessee Rule 56 and has functioned in practice to frustrate the purposes for which summary judgment was intended – a rapid and inexpensive means of resolving issues and cases about which there is no genuine issue regarding material facts." *Id.* at 261. The Court then explained that "when the moving party does not bear the burden of proof at trial, the moving party may satisfy its burden of production [in a motion for summary judgment] either (1) by affirmatively negating an essential element of the nonmoving party's claim or (2) by demonstrating that the nonmoving party's evidence *at the summary judgment stage* is insufficient to establish the nonmoving party's claim or defense." *Id.* at 264 (emphasis in original).

The Court in *Rye* discussed each party's burden of proof at the summary judgment stage as follows:

> We reiterate that a moving party seeking summary judgment by attacking the nonmoving party's evidence must do more than make a conclusory assertion that summary judgment is appropriate on this basis. . . . "[W]hen a motion for summary judgment is made [and] . . . supported as provided in [Tennessee Rule 56]," to survive summary judgment, the nonmoving party "may not rest upon the mere allegations or denials of [its] pleading," but

---

[6] In his concurrence, Judge Hensley writes, "It is difficult to conceive circumstances following a request for an expedited hearing that is supported by an affidavit, as required by the regulations, and the completion of an expedited hearing that results in a denial of temporary disability or medical benefits, under which a Rule 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted could have merit." Yet, any employee who asserts a claim for workers' compensation benefits based on a factual allegation which, on its face, is beyond the scope of the workers' compensation statute could be faced with a motion to dismiss for failure to state a claim upon which relief can be granted. The *Jose* case is one example of such a scenario.

9

must respond, and by affidavits or one of the other means provided in Tennessee Rule 56, "set forth specific facts" *at the summary judgment* stage "showing that there is a genuine issue for trial."

*Id.* at 264-65 (alterations and emphasis in original) (citations omitted).

In light of the foregoing principles, we hold that when an employer seeks dismissal of an employee's claim for workers' compensation benefits pursuant to Tennessee Code Annotated section 50-6-239(d)(4) and/or Tenn. Comp. R. & Regs. 0800-02-21-.14(3), in circumstances where the trial court previously denied temporary disability or medical benefits on grounds of noncompensability, the trial court must treat the motion for dismissal as one filed pursuant to any applicable rule of the Tennessee Rules of Civil Procedure.

*Application of Law to Facts*

In the present case, in response to Employee's second request for an expedited hearing, Employer produced a medical opinion from the authorized treating physician stating, "after careful review of [Employee's] prior records and my records, I am unable to establish any causation or an apportionment based on a significant change in her subjective pain or dysfunction and I am unable to establish an anatomic change." This expert medical opinion, which is entitled to a presumption of correctness in accordance with Tennessee Code Annotated section 50-6-102(14)(E), negated an essential element of Employee's claim for workers' compensation benefits, i.e., medical causation. *See* Tenn. Code Ann. § 50-6-102(14)(C)-(D) (2015). In response to Employer's subsequent motion for dismissal, Employee did not file a response, did not challenge the sufficiency of the motion to dismiss, did not participate in the motion hearing despite having received notice, and did not request a continuance of the motion hearing in order to seek an additional expert medical opinion. Therefore, under the circumstances of this case, we conclude that Employee's failure to respond to Employer's motion to dismiss, failure to challenge its legal sufficiency, and failure to appear at the motion hearing supports the trial court's decision to dismiss the claim.

Before concluding, it is necessary to address several aspects of Judge Hensley's concurrence. First, he asserts that the issue concerning the circumstances in which a trial court can dismiss an employee's workers' compensation claim with prejudice prior to a trial on the merits was not raised by Employee on appeal. Yet, that is the very posture of this case as presented to us. Following entry of the trial court's order dismissing Employee's claim with prejudice, Employee filed a Compensation Hearing Notice of Appeal, alleging that the case was improperly dismissed. While it is true that Employee did not frame the issues on appeal as a lawyer might, she fairly questioned whether her case was properly dismissed. "The courts give pro se litigants who are untrained in the law a certain amount of leeway in drafting their pleadings and briefs. Accordingly, we

10

measure the papers prepared by pro se litigants using standards that are less stringent than those applied to papers prepared by lawyers." *Young v. Barrow*, 130 S.W.3d 59, 63 (Tenn. Ct. App. 2003) (citations omitted). Moreover, a dismissal with prejudice, if affirmed, precludes any possibility that Employee could maintain her claim for workers' compensation benefits arising from the alleged work injury. Thus, it is of utmost importance that we carefully consider whether the trial court properly dismissed her claim with prejudice prior to a hearing on the merits. Instead of affirming the dismissal summarily, based solely on Employee's failure to frame the issues on appeal in the same way an attorney might, it is necessary to consider substance over form.

Second, Judge Hensley asserts that "it is not necessary for a procedural or evidentiary rule to conflict with the Tennessee Rules of Civil Procedure or the Tennessee Rules of Evidence for the procedural or evidentiary rule to be 'an alternate' rule as contemplated in section 50-6-239(c)(1)." Yet, when subsection 239(c)(1) is read in context and considered in its entirety, it indicates that the primary sources for rules in the Court of Workers' Compensation Claims are the Tennessee Rules of Civil Procedure and the Tennessee Rules of Evidence. It is only when the administrator's rule conflicts with the Tennessee Rules of Civil Procedure or the Tennessee Rules of Evidence that "the rule adopted by the administrator shall apply." Tenn. Code Ann. § 50-6-239(c)(1). The conclusion we reach regarding application of the Tennessee Rules of Civil Procedure and the Tennessee Rules of Evidence is based on our interpretation of the phrase "proceedings at all hearings" in light of the context in which that phrase is used, as well as the statutory scheme as a whole. This complies with a basic principle of statutory construction, which requires statutory language to be considered in context to achieve harmonious operation of the law and avoid absurd results. *See Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 526-27 (Tenn. 2010).

Finally, Judge Hensley asserts that an "unsuspecting employee" who sought benefits by filing a request for expedited hearing "could find himself or herself at a precipice that could effectively conclude the claim with prejudice should the employee be unable to resolve evidentiary inadequacies at that point in the face of an employer's motion pursuant to section 50-6-239(d)(4)." Yet, that is exactly the situation any employee faces when a motion to dismiss is filed pursuant to section 50-6-239(d)(4) and/or Tenn. Comp. R. & Regs. 0800-02-21-.14(3). Under Judge Hensley's rationale, a trial court would have no particular legal standard to apply if the Tennessee Rules of Civil Procedure are not applicable and could dismiss an employee's claim with prejudice if the judge decided that the employee's "plan of action" to address evidentiary deficiencies was, in the trial judge's opinion, inadequate. Moreover, Judge Hensley argues that any such decision would be subject to appellate review under an "abuse of discretion" standard. This deferential standard, which requires affirmance "so long as reasonable minds can disagree as to the propriety of the decision made," *Silliman v. City of Memphis*, 449 S.W.3d 440, 447 (Tenn. Ct. App. 2014) (citation omitted), is simply inadequate in circumstances where an employee's claim has been dismissed with

prejudice. Instead, we conclude that parties who have filed or are responding to a request for or notice of hearing are entitled to the protections offered by the Tennessee Rules of Civil Procedure and the Tennessee Rules of Evidence, and the trial court's decision will be subject to meaningful appellate review in light of well-established legal precedent.

## Conclusion

For the foregoing reasons, the trial court's decision is affirmed, albeit for different reasons, and the Order on Employer's Motion to Dismiss is certified as final.

_Timothy W. Conner_
**Timothy W. Conner, Judge**
**Workers' Compensation Appeals Board**



FILED

April 21, 2016

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 2:00 P.M.

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Deborah Syph | ) | Docket No. 2015-06-0288 |
| | ) | |
| v. | ) | |
| | ) | State File No. 36614-2015 |
| Choice Food Group, Inc. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua Davis Baker, Judge | ) | |

---

### Concurring Opinion – filed April 21, 2016

---

Marshall L. Davidson, III, Presiding Judge, concurring.

I agree with my colleagues that the trial court did not err in granting the employer's motion to dismiss the employee's claim. I also agree with the lead opinion's rationale for affirming the trial court's decision. I write separately to explain why I believe the trial court, while correctly dismissing the case, incorrectly concluded that Tenn. Comp. R. & Regs. 0800-02-21-.14(3) is an alternate procedural rule as contemplated by Tennessee Code Annotated section 50-6-239(c)(1).

I.

This case involves an important issue of first impression, i.e., whether a motion to dismiss filed pursuant to Tenn. Comp. R. & Regs. 0800-02-21-.14(3) is an alternate procedural rule within the meaning of Tennessee Code Annotated section 50-6-239(c)(1). If the answer to this question is yes, motions to dismiss filed under Rule 0800-02-21-.14(3) will be analyzed independently of the analytical framework provided by the Tennessee Rules of Civil Procedure. If the answer to the question presented is no, the Tennessee Rules of Civil Procedure will control how motions to dismiss are determined. In my view, Rule 0800-02-21-.14(3) is not an alternate procedural rule and, therefore, a

1

motion to dismiss filed under that regulation should be analyzed according to the Tennessee Rules of Civil Procedure.

The issue in this case requires us to interpret and apply statutes and administrative regulations representing key parts of the 2013 reforms to Tennessee's workers' compensation system. The interpretation and application of these statutes and regulations present questions of law. *See Gerdau Ameristeel, Inc. v. Ratliff*, 368 S.W.3d 503, 506 (Tenn. 2012). Accordingly, the trial court's construction and application of these provisions to the facts of this case are reviewed de novo without a presumption of correctness. *Id.*

I begin with the basic principle that administrative regulations have the force and effect of law. *Kogan v. Tenn. Bd. of Dentistry*, No. M2003-00291-COA-R3-CV, 2003 Tenn. App. LEXIS 933, at *17 (Tenn. Ct. App. Dec. 30, 2003). As such, courts must give effect to regulatory provisions provided those provisions are not inconsistent with statutes covering the same subject. *Id.* at *14. Further, it is well-established that principles of statutory construction guide courts in the task of interpreting administrative regulations. *See Consumer Advocate & Prot. Div. v. Tenn. Regulatory Auth.*, No. M2011-00028-COA-R12-CV, 2012 Tenn. App. LEXIS 355, at *44 (Tenn. Ct. App. May 30, 2012). Accordingly, the search for the meaning of both a statute and a regulation begins with its words, which must be given their plain and ordinary meaning in light of the context in which they are used. *Shore v. Maple Lane Farms, LLC*, 411 S.W.3d 405, 420 (Tenn. 2013). Courts must avoid a construction that unduly restricts or expands the meaning of the language used, as every word is presumed to have meaning and purpose. *Id.* As stated by the Tennessee Supreme Court, "because these words are known by the company they keep, courts must also construe these words in the context in which they appear in the statute and in light of the statute's general purpose." *Lee Med., Inc. v. Beecher*, 312 S.W.3d 515, 526 (Tenn. 2010).

Mindful of these principles, I note first that there is nothing in the language of Rule 0800-02-21-.14(3) to suggest a motion to dismiss is anything other than "an appropriate motion . . . for dismissal of the claim" as provided for in Tennessee Code Annotated section 50-6-239(d)(4). Stated another way, because the plain language of the regulation contains nothing to indicate that it conflicts with the Tennessee Rules of Civil Procedure, the motion contemplated by the regulation should not be given some sort of freestanding status. *See* Tenn. Code Ann. § 50-6-239(c)(1) (procedural and evidentiary rules adopted by the administrator that conflict with the Tennessee Rules of Civil Procedure or Tennessee Rules of Evidence take precedence).

2

Second, I do not believe that the word "hearings" as used in section 50-6-239(c)(1) alters the analysis when considered in context.[1]  Judges must adhere to the plain meaning of statutes and regulations to avoid reading their own beliefs and values into the law, *Tennessean v. Metro. Gov't of Nashville & Davidson Cnty.*, No. M2014-00524-SC-R11-CV, 2016 Tenn. LEXIS 180, at *63 (Tenn. Mar. 17, 2016) (Wade, J., dissenting), and statutory and regulatory language should be considered in context to facilitate the harmonious operation of the law and avoid absurd results, *Lee Med., Inc.*, 312 S.W.3d at 526-27.  In my view, excluding a Rule 0800-02-21-.14(3) motion to dismiss from the reach of the Tennessee Rules of Civil Procedure merely because the motion is filed prior to the commencement of a hearing represents an overly narrow construction of the phrase "proceedings at all hearings" in section 50-6-239(c)(1).  It is illogical to treat a motion filed prior to the start of a hearing, as most motions are, as beyond the authority of the trial court to resolve under the Tennessee Rules of Civil Procedure, yet treat the identical motion as controlled by those rules if it is filed between the time the hearing begins and ends.  I do not believe the legislature intended such an anomaly.

Third, the workers' compensation system is designed to benefit employees by providing expeditious and certain recovery for work-related injuries and to benefit employers by limiting their exposure to liability.  *Clanton v. Cain-Sloan Co.*, 677 S.W.2d 441, 443 (Tenn. 1984).  Detaching Rule 0800-02-21-.14(3) motions to dismiss from the Tennessee Rules of Civil Procedure would undermine both expectations by effectively creating a standardless procedural device unknown in the law, resulting in needless and protracted litigation over whether and under what circumstances such a motion should be granted or denied.[2]

Fourth, an alternative approach that focuses solely on the word "hearings" in sections 50-6-239(c)(1) and 50-6-238(a)(3) and ignores the remaining language and the context in which it appears would require litigants and trial judges alike to determine and apply legal principles predating the Tennessee Rules of Civil Procedure in some cases, determine and apply legal principles based on the Tennessee Rules of Civil Procedure in other cases, and sometimes require both in the same case, all depending on when a motion or document is filed.  The complexity and potential for gamesmanship inherent in such an approach is self-evident.  Indeed, such an approach is unworkable, would introduce confusion and uncertainty into the law, and would undermine a "fair, equitable,

---

[1] The Tennessee Rules of Civil Procedure govern "proceedings at all hearings" before the Court of Workers' Compensation Claims.  Tenn. Code Ann. § 50-6-239(c)(1); s*ee also* Tenn. Code Ann. § 50-6-238(a)(3) ("Workers' compensation judges shall conduct hearings in accordance with the Tennessee Rules of Civil Procedure . . . .").

[2] In his concurring opinion, Judge Hensley argues that the absence of a standard to guide trial courts in ruling on an employer's motion to dismiss could be remedied by adopting an abuse of discretion standard.  Ironically, he relies upon the Tennessee Rules of Civil Procedure and cases interpreting those rules in arriving at that standard.

expeditious, and efficient" workers' compensation system. *See* Tenn. Code Ann. § 4-3-1409(b)(2)(A).

Fifth, the Tennessee Rules of Civil Procedure, which became effective in 1971, "were designed to simplify and ease the burden of procedure under the sometimes harsh and technical rules" that predated them. *Branch v. Warren*, 527 S.W.2d 89, 91 (Tenn. 1975). The rules themselves state they are designed to "secure the just, speedy, and inexpensive determination of every action." Tenn. R. Civ. P. 1. Severing the resolution of procedural and evidentiary issues from the Tennessee Rules of Civil Procedure and the Tennessee Rules of Evidence, unless those issues arise between the time a hearing begins and concludes, requires an unnecessarily narrow construction of the pertinent statutes and a constricted view of how litigation typically unfolds leading up to when a case is heard and decided. Such an approach would compel litigants and trial judges to analyze procedural and evidentiary issues based on principles that may or may not be used in modern litigation via the Tennessee Rules of Civil Procedure and the Tennessee Rules of Evidence. In my view, turning back the clock nearly half a century to whatever the law may have been before the Supreme Court's adoption of the Rules of Civil Procedure in 1971 would represent a major step backward for employees, employers, and the courts in terms of resolving disputes in a consistent, predictable, and coherent manner.

For these reasons, I respectfully disagree with my colleague's analysis in his concurring opinion and the trial court's conclusion that Rule 0800-02-21-.14(3) represents an alternate procedural rule as contemplated by section 50-6-239(c)(1).[3]

## II.

While I disagree with the trial court's analysis regarding the nature of a Rule 0800-02-21-.14(3) motion to dismiss, I do agree that the court was justified in granting the motion and dismissing the case because the motion was essentially unopposed.

The employee makes no argument that she was unaware the motion had been filed or that the trial court had set a hearing to consider the motion. To the contrary, the trial court specifically found that she had notice of the hearing, and that finding has not been challenged on appeal. Despite such notice, the employee elected not to file a written response to the motion. *See* Tenn. Comp. R. & Regs. 0800-02-21-.14(3). Nor did she attend or otherwise participate in the hearing regarding the possible dismissal of her case.

---

[3] Judge Hensley asserts that, by addressing whether a motion to dismiss filed pursuant to Rule 0800-02-21-.14(3) is an alternate procedural rule within the meaning of section 50-6-239(c), as the trial did, we are deciding an issue unnecessary to resolving this case. However, this issue was the sole basis for the trial court's decision. Judge Hensley also argues that whether to expand or restrict the application of the Tennessee Rules of Civil Procedure beyond the plain language of the pertinent statutes and regulations should be left to lawmakers. On this point, we are unanimous.

4

Notwithstanding opportunities to be heard both orally and in writing, the employee took no steps to oppose the motion to dismiss, yet she asserts on appeal that the trial court erred in granting the motion. In my view, a party faced with a potentially dispositive motion, such as a motion to dismiss, should not be permitted to take no action and then be heard to complain about the outcome. *See* Tenn. R. App. P. 36(a) (relief need not be granted to a party "who failed to take whatever action was reasonably available to prevent or nullify the harmful effect of an error"). A contrary approach would be inconsistent with the goals of administering the workers' compensation system in a "fair, equitable, expeditious, and efficient" manner. Tenn. Code Ann. § 4-3-1409(b)(2)(A).

In short, while I agree with the well-reasoned analysis in the lead opinion, I believe dismissal of the case was also warranted because the motion to dismiss was, as far as this record shows, unopposed.

Marshall L. Davidson, III
Presiding Judge
Workers' Compensation Appeals Board



**FILED**

**April 21, 2016**

TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD

Time: 2:00 P.M.



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Deborah Syph | ) | Docket No. 2015-06-0288 |
| | ) | |
| v. | ) | |
| | ) | State File No. 36614-2015 |
| Choice Food Group, Inc. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Joshua Davis Baker, Judge | ) | |

---

**Concurring Opinion – filed April 21, 2016**

---

David F. Hensley, J., concurring.

I agree fully with the outcome expressed in the lead opinion and the certification of the trial court's dismissal order as final. The employee identified no substantive issue in her notice of appeal, nor did she submit a brief or position statement on appeal. Moreover, despite being given notice of the hearing of the employer's motion to dismiss, the employee did not participate in the hearing and did not submit a written response in the trial court to the employer's motion. For those reasons alone, dismissal of the case was warranted.

I write separately to address two matters: (1) whether the appeal presents the issue addressed in the lead opinion; and (2) whether a trial court must treat a motion to dismiss filed pursuant to Tennessee Code Annotated section 50-6-239(d)(4) (2015) and Tenn. Comp. R. & Regs. 0800-02-21-.14(3) (2015) "as one filed pursuant to any applicable rule of the Tennessee Rules of Civil Procedure," as the lead opinion holds.[1]

---

[1] While the statutes and regulations in issue address both the Tennessee Rules of Civil Procedure and the Tennessee Rules of Evidence, the issue raised by the lead opinion concerns only the Tennessee Rules of Civil Procedure. Thus, I have also limited my discussion to the Tennessee Rules of Civil Procedure.

1

In my opinion, the "important issue" identified in the lead opinion "concerning the circumstances in which a trial court can dismiss an employee's workers' compensation claim with prejudice prior to a trial on the merits" is not presented in this appeal. In the notice of appeal, the employee unartfully identified the issue or basis for relief on appeal as follows: "Because even though previous injury there are health issues with back that didn't occur from previous injury." The employee did not describe a substantive issue in the notice of appeal and did not submit a brief or position statement in support of her appeal. The employee did not question, either in the trial court or on appeal, whether Tennessee Code Annotated section 50-6-239(d)(4) or Rule 0800-0002-21-.14(3) allows an employee's claim to be dismissed prior to a hearing on the merits, or whether or under what circumstances the Tennessee Rules of Civil Procedure apply in workers' compensation claims. As previously noted by the Appeals Board, an issue not presented to the trial court generally cannot be raised for the first time on appeal.

> It is well-established that, apart from limited exceptions not applicable here, issues not presented to and decided by the trial court will not be considered by appellate courts. This rule has been described as a "cardinal principle of appellate practice." Consequently, when a party fails to raise an issue in the trial court, the party waives its right to raise that issue on appeal. The rationale for the rule is that the trial court should not be held in error when it was not given the opportunity to rule on the issue or the argument being advanced on appeal. If the rule were otherwise, parties could forego bringing to the trial court's attention a potentially dispositive error or issue and then, if dissatisfied with the outcome, essentially ambush the trial court's decision on appeal based on the error or issue that could have been raised below. To avoid this untenable situation, "[i]t has long been the general rule that questions not raised in the trial court will not be entertained on appeal." Indeed, in most instances, an issue raised for the first time on appeal will be deemed waived.

*Long v. Hamilton-Ryker*, No. 2015-07-0023, 2015 TN Wrk. Comp. App. Bd. LEXIS 23, at *14-15 (Tenn. Workers' Comp. App. Bd. July 31, 2015) (citations omitted).

Here, the employee did not appeal the trial court's November 6, 2015 order denying her request for temporary disability and medical benefits. That order specifically determined that the employee "is unlikely to prevail at a hearing on the merits." The order under review is a January 13, 2016 order granting the employer's motion to dismiss that was filed pursuant to Rule 800-02-21-.14(3), wherein the trial court concluded "that it decided [the employee's] case on the merits at the Expedited Hearing." The trial court stated in the order under review that it was "exercising this Court's charge to control the pace of litigation and docket management to ensure the efficient disposition of cases,"

and "[found] it appropriate to dismiss [the employee's] claim." Since the employee "received a full and fair opportunity to present her case [at the expedited hearing], but nonetheless failed to meet her burden," and "declined to participate in proceedings following the Expedited Hearing," the trial court dismissed the employee's claim with prejudice. The employee's attempt in the notice of appeal to identify an error that she contends the trial court made in the expedited hearing simply does not provide a substantive issue for review of the January 13, 2016 order dismissing her case. "Issues or arguments not raised in the Court of Workers' Compensation Claims will be deemed waived on appeal." Appeals Board Prac. & Proc. § 5.5 (2015). The issue raised in the lead opinion is important in workers' compensation claims. However, in my view, resolution of the issue should await the appropriate case in which a party raises the issue and the Appeals Board has the benefit of the parties' briefs or position statements.

*Application of the Tennessee Rules of Civil Procedure to Section 50-6-239(d)(4) Motions to Dismiss*

The trial court made the following conclusion in its January 13, 2016 order dismissing the employee's case:

> [A] Rule [0800-02-21-.14(3)] motion is distinct from the procedural mechanisms (motions to dismiss and for summary judgment) provided for in the Tennessee Rules of Civil Procedure. For that reason, the Court finds that a Rule .14(3) motion to dismiss is an alternate procedure as contemplated by Tennessee Code Annotated section 50-6-239(c)(1) (2015), and that the standards and procedures applied to motions to dismiss or motions for summary judgment under the Tennessee Rules of Civil Procedure do not govern the determination of a Rule .14(3) motion.

The lead opinion finds that the Tennessee Rules of Civil Procedure apply to "any action taken in, or pleading filed with, the Court of Workers' Compensation Claims . . . ." The opinion further states that, "[w]ith respect to any such action, the Tennessee Rules of Civil Procedure and the Tennessee Rules of Evidence shall govern unless the administrator has adopted an alternate procedural or evidentiary rule *that conflicts with the aforementioned rules*." (Emphasis added). In my opinion, it is not a requirement of section 50-6-239(c)(1) that a conflict exist in a rule adopted by the Administrator for such rule to be an "alternate procedural or evidentiary rule." The question is whether the Administrator has adopted an alternate procedural or evidentiary rule, and if an alternate procedural or evidentiary rule has been adopted, the Tennessee Rules of Civil Procedure simply do not apply. *See* Tenn. Code Ann. § 50-6-239(c)(1). The lead opinion posits that "nothing contained in [Rule 0800-02-21-.14(3)] conflicts with the Tennessee Rules of Civil Procedure, which provide several bases for dismissal of a claim during the pendency of litigation." Stating that "the language of [Rule 0800-02-21-.14(3)] itself does not define the term 'motion to dismiss' and does not explain the circumstances in

3

which a trial court can grant such a motion," the lead opinion concludes, "[t]herefore, . . . a motion to dismiss filed pursuant to Tennessee Code Annotated section 50-6-239(d)(4) and/or Tenn. Comp. R. & Regs. 00800-02-21-.14(3) is not an alternate procedural rule" and "such motions are subject to the Tennessee Rules of Civil Procedure." I do not share this view.

The question is not whether Tennessee Code Annotated section 50-6-239(d)(4) is an "alternate procedural or evidentiary rule," as suggested in the lead opinion; rather, it is whether the rule adopted by the Administrator is an "alternate procedural or evidentiary rule," and if it is, as the trial court determined, the Tennessee Rules of Civil Procedure do not apply. *See* Tenn. Code Ann. § 50-6-239(c)(1). The lead opinion focuses on whether Rule 0800-02-21-.14(3) "conflicts with the Tennessee Rules of Civil Procedure." What constitutes an "alternate procedural or evidentiary rule" is not defined or otherwise identified in section 50-6-239(c)(1) or elsewhere in the Reform Act or the regulations adopted by the Administrator. Section 50-6-239(c)(1) does clarify that "[w]henever the administrator has adopted an alternate procedural or evidentiary rule *that conflicts* with the Tennessee Rules of Civil Procedure or the Tennessee Rules of Evidence, the rule adopted by the administrator shall apply." Tenn. Code Ann. § 50-6-239(c)(1) (emphasis added). However, in my view, section 50-6-239(c)(1) does not require that a conflict exist in order for the rule adopted by the Administrator to be an "alternate" rule. The Administrator either has or has not adopted an "alternate" rule, and, in my opinion, whether or not an "alternate" rule has been adopted is not dependent on the existence of a conflict between the adopted rule and the Tennessee Rules of Civil Procedure.

The lead opinion states that the rule adopted by the Administrator "gives an employer a legal basis to file a motion to dismiss the employee's claim if the trial court previously denied benefits on grounds of compensability at an expedited hearing." The legal basis for the employer's motion to dismiss is not the rule adopted by the Administrator; rather, it is Tennessee Code Annotated section 50-6-239(d)(4), which authorizes the employer to file an "appropriate motion" for dismissal of the claim if a motion for temporary disability or medical benefits is denied on the basis that the claim is not compensable. The rule adopted by the Administrator provides procedural requirements, albeit minimal, following which "the judge shall issue an appropriate order." Rule 0800-02-21-.14(3). Before a judge can issue an appropriate order, "the employer shall serve a copy [of the motion] on the employee, or the employee's counsel[;] . . . the employee shall have thirty (30) calendar days to file a written response[;]" and "the motion shall be set for a hearing." Rule 0800-02-21-.14(3).

Having determined that the Tennessee Rules of Civil Procedure "apply to any action taken in, or pleading filed with, the Court of Workers' Compensation Claims . . . ," the lead opinion states that Rule 12.02 of the Tennessee Rules of Civil Procedure governs the manner in which defenses may be presented by motion. Relying on that premise, and referencing Rule 12.02(6), the lead opinion states that "[i]n light of the circumstances

4

presented by Tennessee Code Annotated section 50-6-239(d)(4), in which a trial court has conducted an expedited hearing, determined the claim was not compensable, and denied benefits, the only basis for dismissal listed in Rule 12.02 that logically could apply . . . is a motion to dismiss for failure to state a claim upon which relief can be granted." Having determined that Rule 12.02(6) is the only *logical* rule to apply under these circumstances, the lead opinion, in essence, concludes that motions relying on section 50-6-239(d)(4) or the corresponding regulation must comply with Rule 12.02(6), which states that "[i]f, on a motion asserting the defense numbered (6) to dismiss for failure to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."

In my opinion, neither the procedures established in the Reform Act nor the regulations adopted by the Administrator contemplate a Rule 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted. The Reform Act provides that a claim for workers' compensation benefits is initiated by "a petition for benefit determination [that] is filed with the bureau on a form prescribed by the administrator." Tenn. Code Ann. § 50-6-203(b)(1) (2015). Furthermore, no request for a hearing by a workers' compensation judge can be filed with the Court of Workers' Compensation Claims, other than a request for settlement approval, "until a workers' compensation mediator has issued a dispute certification notice certifying issues in dispute for hearing before a workers' compensation judge." Tenn. Code Ann. § 50-6-203(a). The Administrator determines the form of the dispute certification notice, and the form in the instant case, and in current use by the Bureau of Workers' Compensation, does not include signature lines for the parties. *See* Tenn. Comp. R. & Regs. 0800-02-21-.02(19). Unless permission has been granted by a workers' compensation judge, only issues that have been certified by a workers' compensation mediator within a dispute certification notice may be presented to the workers' compensation judge for adjudication. Tenn. Code Ann. § 50-6-239(b)(1).

In light of the procedures mandated in the Reform Act to initiate a claim for workers' compensation benefits and the procedures required before a party will be allowed to present a claim to a judge at a hearing, I disagree with the lead opinion's conclusion that a Rule 12.02(6) motion to dismiss "logically could apply" to motions relying on section 50-6-239(d)(4) and the corresponding regulation. It is difficult to conceive circumstances following a request for an expedited hearing that is supported by an affidavit, as required by the regulations, and the completion of an expedited hearing that results in a denial of temporary disability or medical benefits, under which a Rule 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted could have merit. Moreover, an employee faced with such a motion at that stage of the process could simply request leave of the trial court to amend his or her petition, thereby making the Rule 12.02(6) motion moot if the employee's request for leave to amend is granted. In my opinion, neither the motion to dismiss authorized by the General

5

Assembly in section 50-6-239(d)(4) nor the motion to dismiss addressed in the rule adopted by the Administrator contemplates the employer's motion being subject to the Tennessee Rules of Civil Procedure.

In my opinion, the procedures for initiating a claim for workers' compensation benefits and for a mediator's certifying the issues in dispute are not contemplated in the Tennessee Rules of Civil Procedure. Neither the identification of the issues in dispute on the initial page of the dispute certification notice form nor the defenses listed in the "Dispute Certification Checklist" on the second page of the form include as a possible defense the failure to state a claim upon which relief can be granted. If the Tennessee Rules of Civil Procedure apply, as determined in the lead opinion, "to any action taken in, or pleading filed with, the Court of Workers' Compensation Claims, whether the filing is made with or subsequent to the filing of a request for hearing," a petition for benefit determination would not be subject to the rules at the time it is filed with the Bureau. The Appeals Board heretofore identified the petition for benefit determination as "the Bureau of Workers' Compensation's equivalent of a complaint." *Duck v. Cox Oil Co.*, No. 2015-07-0089, 2016 TN Wrk. Comp. App. Bd. LEXIS 2, at *15 (Tenn. Workers' Comp. App. Bd. Jan. 21, 2016). Accordingly, I read the lead opinion's conclusion that the Tennessee Rules of Civil Procedure apply "to any action taken in, or pleading filed with, the Court of Workers' Compensation Claims," as contemplating that an employee's "complaint," which is filed with the Bureau prior to any action being taken in the Court of Workers' Compensation Claims, is not subject to the Tennessee Rules of Civil Procedure before a dispute certification notice is filed by a mediator with the Clerk of the Court of Workers' Compensation Claims. *See* Tenn. Comp. R. & Regs. 0800-02-21-.02(10). It remains unclear from the lead opinion whether it is the filing by the mediator of the dispute certification notice, or some subsequent event, that triggers the applicability of the Tennessee Rules of Civil Procedure.

Rule 56 of the Tennessee Rules of Civil Procedure includes requirements that are substantially more burdensome than either section 50-6-239(d)(4) or the rule adopted by the Administrator contemplates. A motion pursuant to Rule 56 must be accompanied by a "separate concise statement of the material facts as to which the moving party contends there is no genuine issue for trial." The rule requires that each fact "shall be set forth in a separate, numbered paragraph," and that "[e]ach fact shall be supported by a specific citation to the record." Tenn. R. Civ. P. 56.03. Rule 56.03 includes additional requirements that must be met by any party opposing a motion for summary judgment, including filing "a response to each fact set forth by the movant (i) agreeing that the fact is undisputed, (ii) agreeing that the fact is undisputed for purposes of ruling on the motion for summary judgment only, or (iii) demonstrating that the fact is disputed." *Id.* Also, each fact disputed must be supported by specific citations to the record. The non-movant's response may also contain "a concise statement of any additional facts that the non-movant contends are material and as to which the non-movant contends there exists a genuine issue to be tried." *Id.* In my view, requiring the parties to comply with the

standards of Rule 56 in a contested motion filed by an employer pursuant to section 50-6-239(d)(4) or Rule 0800-02-21-.14(3) violates the plain language of the provisions of the Reform Act establishing the employer's right to file an appropriate motion and the procedure adopted by the Administrator in Rule 0800-02-21-.14(3) to resolve the motion.

Motions relying on section 50-6-239(d)(4) require that the trial court have previously conducted an expedited hearing and denied benefits on the basis that the claim is not compensable. In my view, a trial court should have the discretion when addressing a motion to dismiss that is based upon section 50-6-239(d)(4) to allow an employee sufficient time to resolve evidentiary inadequacies that resulted in a denial of temporary disability or medical benefits at an expedited hearing. Allowing an employer to impose the requirements of Rule 12.02(6) and Rule 56 too early in the process can force an employee to resolve evidentiary inadequacies before the employee has received medical care. The result can effectively require an employee to decide at an early stage of the claim whether to pursue temporary disability or medical benefits in an expedited hearing and thereby subject himself or herself to having to produce sufficient evidence of a compensable claim to withstand a dismissal motion under section 50-6-239(d)(4) if benefits are denied in the expedited hearing on the basis that the claim is not compensable. The unsuspecting employee, who may not have been provided medical care or who may not have not received temporary disability benefits and who attempts to compel an employer to provide such benefits by requesting an expedited hearing, can find himself or herself facing dismissal of the claim thirty days after a trial judge denies benefits following an expedited hearing if the employee cannot obtain the requisite proof to resolve evidentiary inadequacies at the expedited hearing. At that point the "lesser evidentiary standard" applicable at an expedited hearing is no longer applicable. *See Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015). The employee would face potential dismissal of the claim if evidence of an injury arising primarily out of and in the course and scope of the employment, as defined in Tennessee Code Annotated section 50-6-102(14), is not produced at that stage. An attorney may make an informed decision whether to file a request for expedited hearing, knowing the burden the employee may face in the event the expedited hearing results in a denial of benefits on the basis that the claim is not compensable. However, an unrepresented employee could find himself or herself at a precipice that could effectively conclude the claim with prejudice should the employee be unable to resolve evidentiary inadequacies at that stage in the face of an employer's section 50-6-239(d)(4) motion to dismiss. In my view, that is not an intended or desirable effect of an employee's seeking benefits in an expedited hearing and could be avoided by recognizing the procedure in Rule 0800-02-21-.14(3) as an alternate procedural rule not controlled by or subject to the Tennessee Rules of Civil Procedure. It would maintain an employer's right to pursue dismissal under section 50-6-239(d)(4), and it would leave it to the discretion of the trial judge to enter an appropriate order.

7

Applying the law to the facts in the instant case, the lead opinion concludes that "under the circumstances of this case, . . . Employee's failure to respond to Employer's motion to dismiss, failure to challenge its legal sufficiency, and failure to appear at the motion hearing supports the trial court's decision to dismiss the claim." I agree with this conclusion; however, in my opinion it was unnecessary to address the issue presented in the lead opinion or the application of the Tennessee Rules of Civil Procedure to reach this conclusion. The employer made no attempt to comply with Rule 12.02(6) or Rule 56, and the trial court did not analyze the employer's motion to dismiss under Rule 12.02(6) or Rule 56. While the lead opinion holds that a trial court must treat a motion to dismiss filed under section 50-6-239(d)(4) or the corresponding regulation "as one filed pursuant to any applicable rule of the Tennessee Rules of Civil Procedure," given the lead opinion's conclusion that Rule 12.02(6) is the only "logical" rule to apply, the holding effectively requires the parties to comply with the requirements of Rule 56 in any motion relying on section 50-6-239(d)(4) if "matters outside the pleadings are presented to and not excluded by the court." Tenn. R. Civ. P. 12.02(6). In my opinion, if the procedures and standards of Rules 12.02(6) and 56 are to become applicable to motions to dismiss that rely on section 50-6-239(d)(4), that determination should be made by the General Assembly or the Administrator rather than the Appeals Board.

The concurring opinion of my colleague concludes that "Rule 0800-02-21-.14(3) is not an alternate procedural rule and, therefore, a motion to dismiss filed under that regulation should be analyzed according to the Tennessee Rules of Civil Procedure." In the words of my colleague, "[d]etaching Rule 0800-02-21-.14(3) motions to dismiss from the Tennessee Rules of Civil Procedure would undermine both expectations [to benefit employees by providing expeditious and certain recovery for work-related injuries and to benefit employers by limiting their exposure to liability] by effectively creating a standardless procedural device unknown in the law, resulting in needless and protracted litigation over whether and under what circumstances such a motion should be granted or denied." In my view, both the statute and the regulation contemplate that a trial judge would have discretion to grant or deny a motion to dismiss that relies on section 50-6-239(d)(4) and the corresponding regulation. The "abuse of discretion" standard applicable to a trial judge's exercising such discretion is well-known to trial judges as are the additional standards by which the Appeals Board reviews the decisions of workers' compensation judges. *See* Tenn. Code Ann. § 50-6-217(3) (2015). If the Tennessee Rules of Civil Procedure are applicable to a section 50-6-239(d)(4) motion to dismiss, as the lead opinion holds, in my opinion Rule 41.02(1) identifies a more logical basis for a motion to dismiss under section 50-6-239(d)(4) or the corresponding regulation. Rule 41.02(1) authorizes a court to dismiss a plaintiff's cause of action for failure to prosecute the claim or to comply with the Rules of Civil Procedure or any order of the court. "The standard of review for a trial court's decision to dismiss an action for failure to prosecute is the standard of review for a discretionary action." *Fischer v. Sverdrup Tech., Inc.*, No. M2010-01095-WC-R3-WC, 2011 Tenn. Lexis 574, at *5 (Tenn. Workers' Comp. Panel June 7, 2011). The lead opinion identifies this standard as a "deferential standard," and

8

states that the standard "is simply inadequate in circumstances where an employee's claim has been dismissed with prejudice." However, the Tennessee Supreme Court Special Workers' Compensation Panel has heretofore affirmed dismissals with prejudice based upon an employee's failure to prosecute under Rule 41.02 in which the "abuse of discretion" standard was applied. *See id.*; *see also Hanna v. Gaylord Entm't Co.*, No. M2004-00413-WC-R3-CV, 2006 Tenn. LEXIS 247 (Tenn. Workers' Comp. Panel Mar. 29, 2006). In my opinion, the lead opinion's perceived absence of a standard to provide guidance to trial courts in ruling on an employer's motion to dismiss filed pursuant to section 50-6-239(d)(4) can be remedied either by recognizing the "abuse of discretion" standard to be applicable to such motions or by establishing another appropriate standard without shackling the parties to the procedural requirements of a Rule 12.02(6) or Rule 56 motion. At any appropriate stage of a workers' compensation claim, an employer may choose to file a motion to dismiss based upon Rule 12.02(6) or 41.02(1) or a motion for summary judgment pursuant to Rule 56; however, it is not necessary to usurp the motion authorized in section 50-6-239(d)(4) to do so.

In enacting the Reform Act and adopting the corresponding regulations, the General Assembly and the Administrator intended to simplify and expedite the administration of claims resulting from workplace injuries. The statutory scheme for accomplishing this objective included limiting in the Court of Workers' Compensation Claims the applicability of the procedures that are available in the civil courts whose jurisdiction to hear and resolve workers' compensation claims was removed by the Reform Act. *See* Tenn. Code Ann. § 50-6-225(b) (2013).[2] In my opinion, the objectives of the General Assembly and the Administrator can and should be accomplished without the Appeals Board's imposing upon the parties in a workers' compensation claim the requirements of the Tennessee Rules of Civil Procedure in a contested motion by an employer to dismiss a claim under section 50-6-239(d)(4).

David F. Hensley, Judge
**Workers' Compensation Appeals Board**

---

[2] Prior to passage of the Reform Act, Tennessee Code Annotated section 50-6-225(b) (2013) provided that "[t]he Tennessee Rules of Civil Procedure and the Tennessee Rules of Evidence apply to all civil actions filed pursuant to this section." The General Assembly deleted this provision when it enacted the Reform Act.

**FILED**

**April 21, 2016**

**TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD**

**Time: 2:00 P.M.**



### TENNESSEE BUREAU OF WORKERS' COMPENSATION
### WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Deborah Syph | ) | Docket No. 2015-06-0288 |
| | ) | |
| v. | ) | |
| | ) | State File No. 36614-2015 |
| Choice Food Group, Inc. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 21st day of April, 2016.

| Name | Certified Mail | First Class Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|---|
| **Deborah Syph** | | X | | | X | syphdeborah@gmail.com |
| **Michael Haynie** | | | | | X | mhaynie@manierherod.com |
| **Joshua Davis Baker** | | | | | X | Via Electronic Mail |
| **Kenneth M. Switzer, Chief Judge** | | | | | X | Via Electronic Mail |
| **Penny Shrum, Clerk, Court of Workers' Compensation Claims** | | | | | X | Penny.Patterson-Shrum@tn.gov |

Jeanette Baird
Deputy Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-0064
Electronic Mail: Jeanette.Baird@tn.gov